# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 16, 2017 Session

## ALLY FINANCIAL v. TENNESSEE DEPARTMENT OF SAFETY & HOMELAND SECURITY

**Appeal from the Chancery Court for Davidson County**
**No. 14-1831-I          Claudia Bonnyman, Chancellor**
_____

**No. M2016-01894-COA-R3-CV – Filed June 7, 2017**
_____

The Tennessee Department of Safety and Homeland Security forfeited a finance company's interest in a vehicle after determining that the finance company failed to timely file a claim to contest the forfeiture after receiving notice. The finance company thereafter filed a petition for judicial review. The trial court reversed the forfeiture on the basis that the Tennessee Department of Safety and Homeland Security failed to prove that it sent proper notice to the finance company. We vacate the judgment of the trial court and remand for further proceedings before the administrative agency.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and BRANDON O. GIBSON, JJ., joined.

Herbert H. Slatery, III, Attorney General and Reporter;  Andrée S. Blumstein, Solicitor General, Linda D. Kirklen, Assistant Attorney General, for the appellant, Tennessee Department of Safety and Homeland Security.

Todd H. Hancock, Nashville, Tennessee, for the appellee, Ally Financial.

## OPINION

### Background

On March 18, 2014, the Shelby County Multi Agency Gang Unit ("MAGU") seized a 2008 Dodge Challenger CS8 ("the vehicle") from its owner, Jacqueline Chambers, as drug-related proceeds subject to forfeiture under Tennessee Code

Annotated section 53-11-451.[1]  Petitioner/Appellee Ally Financial ("Ally") was listed as lienholder on the vehicle's certificate of title.  Ally's address displayed on the certificate of title was "P.O. Box 8116, Cockeysville, MD 21030," the same address shown on a database printout containing the vehicle's registration information dated March 25, 2014.

A MAGU detective obtained a forfeiture warrant for the vehicle on March 25, 2014, based upon allegations that the vehicle was used by Ms. Chambers and her co-conspirators in a series of robberies and drug sales. According to the Respondent/Appellant Tennessee Department of Safety and Homeland Security ("the Department"), notice of the seizure and forfeiture warrant was sent the following day via certified mail to "Ally Financial, ATTN Legal Advisor" at the P.O. Box listed on the vehicle's certificate of title.  The notice stated that a forfeiture warrant had issued and the vehicle "will be forfeited . . . after thirty . . . days from receipt of this notice unless the secured party shall file with the Department . . . a copy of the title (front and back) and the security agreement encumbering the seized vehicle." The record contains a return receipt indicating that the certified mail was delivered on March 31, 2014. A scanned portion of the green card was returned to the Department noting that "Gaylord Wilson" signed for the certified mail and handwrote his address as "PO Box 8100."

On October 23, 2014, Ally sent a letter to the Department ostensibly to contest the forfeiture of its interest in the vehicle. The letter explained that while the notice was "mailed to Ally's post office box in Maryland," this post office box was "merely a call station, rather than Ally's legal offices[,] which are located in Lewisville, Texas."  Ally therefore claimed that that its delay in responding to the notice was "a direct result of the incorrect mailing." The letter requested a hearing on the forfeiture of Ally's interest in the vehicle. Enclosed with Ally's letter was the vehicle's certificate of title and retail installment contract establishing its interest in the vehicle.  Ally sent a second letter on November 14, 2014, again requesting that a hearing be held and requesting various documents.

On November 17, 2014, the Department responded to Ally's letter by denying Ally's request for a hearing. In explanation, the Department stated that Ally's request was untimely because it had not been filed within the requisite statutory thirty-day period. Specifically, the letter noted that the Department's records indicated that Ally "received notification of the confiscation of the subject property on March 31, 2014" and that no claim had been filed for more than six months after the notification. As such, Ally's "interest in the [vehicle] has not been protected."  The Department ordered Ally's interest forfeited on December 2, 2014, and sent the Order of Delegation and Forfeiture to Ally with instructions for appealing.

---

[1] Ms. Chambers's interest in the property is not at issue in this appeal.

Ally timely filed a petition for judicial review in the Davidson County Chancery Court. In the petition, Ally stated that the Department, "[b]y letter dated March 26, 2014, . . . [the Department] forwarded notice to Ally that a forfeiture warrant had been issued" and that "the forfeiture warrant was not properly obtained[.]" Both parties filed pretrial briefs. In Ally's brief, it admitted that "the Department sent a Notice of Seizure . . . to Ally at Post Office Box 8116 in Cockeysville, Maryland 21030," which Ally characterized as "Ally's Lockbox." Ally asserted, however, that the notice was defective because it was delivered to an incorrect address. Ally further asserted that the notice, if delivered, was defective because it did not contain any supporting evidence or alleged wrongful conduct by Ally that would make its interest subject to forfeiture.

The trial court held a hearing on the petition on March 29, 2016. No evidence was presented during this hearing. Ally essentially argued that the time for filing its claim had not expired because the notice of forfeiture was either mailed or delivered to the wrong post office, P.O. Box 8100, rather than P.O. Box 8116, pointing to the discrepancy between the address printed on the certified receipt (P.O. Box 8100) and the address on the Department's notice letter (P.O. Box 8116). As such, Ally argued that the Department knew or should have known that the notice was delivered to the wrong address and that the Department's failure to take additional steps to correct the mistake meant that it had not met its burden of proving when Ally received the notice. Ally's counsel was unable to explain how Ally eventually received the notice letter and was unsure whether the person who signed the certified receipt worked for Ally.

On April 19, 2016, the trial court, citing **State v. Sprunger**, 458 S.W.3d 482 (Tenn. 2015), found that the Department had "the burden of proof to show by a preponderance of the evidence that notice was in fact delivered to Ally on March 31, 2014 or on some other date that would preclude Ally from effecting compliance with its duty to provide proof of its security interest." The trial court ruled, however, that the Department failed to "show that it gave notice on Ally [on] any particular date" because "the only delivery of notice contained in the record was to a post office box that is not connected to Ally and was to a person who is not shown to be connected to Ally in any way." The trial court also found that Ally met its statutory duty required to protect its interest. Consequently, the trial court reversed the Order of Delegation and Forfeiture and remanded the case for entry of a forfeiture order subject to Ally's security interest.

The Department filed a motion to alter or amend or for remand to the administrative agency for hearing on May 17, 2016. Specifically, the Department alleged that new factual issues required that the trial court reconsider its decision. In support, the Department cited a pleading in which Ally admitted to receiving a notice sent to a different post office box than the two at issue in this case. A hearing on the motion to alter or amend occurred on July 8, 2016. During the hearing, the Department's counsel asserted that Ally was the owner of several post office boxes in Cockeysville, Maryland, including both P.O. Box 8116 and P.O. Box 8100. Counsel for the Department also

- 3 -

argued that the difference in the address handwritten on the return receipt was insufficient to defeat its notice, as any recipient could write an improper address when certified mail was delivered, thereby negating any notice that would otherwise have been achieved on the recipient. The trial court subsequently denied the Department's motion to alter or amend on August 9, 2016.

## Issues Presented

The Department raises a single issue, which we restate: Whether the trial court erred in reversing the Department's Order of Delegation and Forfeiture based on the Department's failure to prove notice to Ally. Based upon our review, we vacate the judgment of the trial court and remand for further administrative proceedings.

## Standard of Review

Both parties agree that our standard of review is governed by the Uniform Administrative Procedures Act ("UAPA"), Tennessee Code Annotated section 4-5-322. Under the UAPA, "[a] person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review." Tenn. Code Ann. § 4-5-322(a)(1). As is applicable in both the trial court and this Court:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
> > (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h).

## Analysis

- 4 -

This case involves the forfeiture of personal property found to have been used in the commission of a crime. The Tennessee Supreme Court recently explained that forfeiture is defined as "'[t]he divestiture of property without compensation." *State v. Sprunger*, 458 S.W.3d 482, 492 (Tenn. 2015) (quoting *Black's Law Dictionary* 722 (9th ed. 2009)). In *Sprunger*, as in this case, "the divestiture occurs because of a crime and title to the forfeited property is transferred to the government." *Sprunger*, 458 S.W.3d at 492 (quoting *Black's Law Dictionary*, at 722)). Although the Tennessee Supreme Court recognized that asset forfeiture "is an extraordinary exercise of the State's police power," *Sprunger*, 458 S.W.3d at 493 (quoting *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 682, 94 S. Ct. 2080, 40 L. Ed. 2d 452 (1974)), it remains a civil proceeding subject only to the preponderance of the evidence burden of proof. *Sprunger*, 458 S.W.3d at 492–93 (citing *U.S. v. Ursery*, 518 U.S. 267, 274, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996); *Stuart v. State Dep't of Safety*, 963 S.W.2d 28, 33–34 (Tenn. 1998)).

In spite of this "less onerous burden"—or perhaps because of it—forfeiture proceedings must strictly comply with both the statutory authority authorizing the divestment, as well as constitutional due process protections. *Sprunger*, 458 S.W.3d at 493 (noting that forfeiture is disfavored under Tennessee law). "'Forfeiture or confiscation is a proceeding of a harsh nature, and unless accomplished pursuant to the law of the land is in violation of the 5th Amendment to the Constitution of the United States. Consequently confiscation must be accomplished in the manner provided by law.'" *Sprunger*, 458 S.W.3d at 493 (quoting *Wells v. McCanless*, 184 Tenn. 293, 198 S.W.2d 641, 642–43 (1947)). Furthermore, strict compliance with our state's forfeiture statutes is not excused simply because the failure involves only "technical violations" of the applicable statutes or the fact that the property owner is not prejudiced by the failure. *Sprunger*, 458 S.W.3d at 499. Rather,

> the governmental authority seeking forfeiture must present affirmative proof that it has complied with both the procedural and the substantive requirements in the forfeiture statutes enacted by our Legislature. Consistent with the civil nature of forfeiture proceedings, the State's burden of proof as to both the procedural and substantive statutory requirements is by a preponderance of the evidence.

*Id.* at 499–500 (citing *Stuart*, 963 S.W.2d at 33).

Here, the issue involves whether the Department met its burden to establish it complied with all statutory and constitutional requirements in providing notice to Ally. Relevant to this case,[2] Tennessee Code Annotated section 40-33-204 generally governs the issuance of a forfeiture warrant. As an initial matter, any affidavit in support of a

---

[2] For a more detailed analysis of the requirements of Tennessee's forfeiture statutes, see *Sprunger*, 458 S.W.3d at 494–99.

forfeiture warrant must state: (1) the legal and factual basis upon which the property is seized; (2) information concerning co-owners of the property; and (3) information concerning any secured interests in the property and the factual and legal basis that makes the property subject to forfeiture notwithstanding the secured interest. *See* Tenn. Code Ann. § 40-33-204(b)(1)(A)–(C). A judge shall only issue a forfeiture warrant if it finds probable cause that the property is subject to forfeiture and the owner's interest, if recorded, is also subject to forfeiture. ***Id.*** § 40-33-204(c)(1). Once a forfeiture warrant has been issued by a judge, the warrant is sent to the applicable agency, and the agency then "shall provide notice" of the forfeiture to "any other owner, as may be determined from public records of titles, registrations or other recorded documents, or secured party that forfeiture warrant has been issued." ***Id.*** § 40-33-204(g). If the other owner is a secured party with "a duly perfected security interest," the secured party "must submit proof of the security interest to the applicable agency within thirty (30) days of receipt of the notification in order for this subsection (a) to apply." ***Id.*** § 40-33-205(a). If, however, a secured party with a properly perfected security interest "does not receive notice of intent to forfeit the interest pursuant to § 40-33-204(b)(1)(C)," the secured party "need not file a claim to preserve any right the party may have to the property." ***Id.*** "If the applicable agency notifies a secured party that it intends to seek forfeiture of the secured party's interest, it shall seek a forfeiture warrant against the secured party as provided in § 40-33-204(b)." ***Id.*** "Upon receiving notice that a forfeiture warrant has been issued, the secured party is required to file a claim for the property as provided in this part." ***Id.***

The extent or method of the notice required by sections 40-33-204 and 40-33-205 is not specifically addressed in the statutes. Rather, the Department has promulgated certain rules and regulations that govern this issue. As an initial matter, Tennessee Compiled Rules & Regulations 1340-02-02-.06 requires that the Department take certain steps to discover all potential claimants that are entitled to notice under section 40-33-204(b)(1)(C). *See* Tenn. Comp. R. & Regs. 1340-02-02-.06(2) (discussing the actions the Department must take). Once claimants have been identified, "[a]ll potential claimants and secured parties shall be sent notification to their last known address that Forfeiture Warrant has been issued." Tenn. Comp. R. & Regs. 1340-02-02-.06(2)(b) & (c). The notice must state:

> [T]he name of the potential claimant or secured party, the name of the person(s) in possession of the seized property, . . . a general description of the seized property, the reasons for the seizure, the procedure by which recovery of the property may be sought, including the time period in which a claim or proof of security interest shall be filed . . . , and the consequences of failing to file within the time period.

Tenn. Comp. R. & Regs. 1340-02-02-.06(2)(c). Additionally:

Notice to a potential claimant or secured party shall be given in accordance with state and federal constitutional requirements. Such notice to a potential claimant or a secured party may be proven by any method used by the United States Postal Service to inform its users of the date of delivery of certified mail.

> 1. When the potential claimant or secured party or an agent or other representative of the potential claimant or secured party refuses to accept delivery and it is so stated in the return receipt of the United States Postal Service, the written return receipt if returned and filed in the case shall be deemed an actual and valid service of the notice. Service by mail is complete upon mailing. For purposes of these rules, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the potential claimant's refusal to accept delivery.

Tenn. Comp. R. & Regs. 1340-02-02-.06(2)(e). Where "no claim or proof of security interest is received by the conclusion of the thirtieth (30th) day after the date of the potential claimant's or secured party's receipt of the Notice . . . , seized property shall be forfeited to the state for disposition under the Act." Tenn. Comp. R. & Regs. 1340-02-02-.06(2)(f).

As noted above, notice in this case is also governed by both the Tennessee and United States Constitutions. *See* Tenn. Comp. R. & Regs. 1340-02-02-.06(2)(e). The Tennessee Supreme Court has explained the constitutional requirements applicable in this situation as follows:

> One of the basic constitutional guarantees, procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Tennessee Constitution, prohibit the forfeiture of private property without first providing those with an interest in the property to a hearing held at a reasonable time and in a meaningful manner. Notice must be given in a manner reasonably calculated to notify all interested parties of the pending forfeiture of the property in order to afford the opportunity to object to the State's taking. One of the essential elements of due process in the confiscation and forfeiture of private property is adequate notice to all interested parties.

***Redd v. Tenn. Dep't of Safety***, 895 S.W.2d 332, 334–35 (Tenn. 1995). Thus, "[t]he notice required by the Due Process Clause is that which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" ***Wilson v. Blount Cnty.***, 207

S.W.3d 741, 748 (Tenn. 2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). To effectuate the required notice, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, 339 U.S. at 315. Due process, however, "does not require that a party receive actual notice; it requires only that the government choose a method of notification that is reasonably calculated to provide notice." *Wilson*, 207 S.W.3d at 749 (citing *Mullane*, 339 U.S. at 314). When a party's name and address are reasonably ascertainable, notice by mail or by personal service is typically required. *Id.* at 750 ("When the party's name and address are 'reasonably ascertainable,' constructive notice alone is not constitutionally adequate."); *see also Toyota Motor Credit Corp. v. State Dep't of Safety*, No. M2003-00147-COA-R3-CV, 2003 WL 22519810, at *3 (Tenn. Ct. App. Nov. 7, 2003) ("When the State either knows or could easily ascertain the identity of a party with an interest in the proceedings, it must satisfy a more stringent notice standard, which at a minimum requires notification by mail.").

Here, the Department does not dispute that it bears the burden of presenting evidence that it complied with statutory and constitutional due process requirements by mailing notice of the forfeiture warrant. Rather, the Department asserts that it has met its burden to show that it sent appropriate notice to Ally and that Ally therefore failed to file a timely claim to contest the forfeiture. Citing Regulation 1340-02-02-.06(2)(e)(1), the Department argues that notice was complete, and Ally's thirty-day time period to file a claim began to run, on March 26, 2014, the date the notice was mailed to Ally.

In contrast, Ally contends that the trial court correctly found that the Department's evidence was insufficient to "establish[] any date certain" with regard to the delivery of the notice. Instead, Ally asserts that the only evidence presented by the Department was that "[n]otice was delivered to an [i]ncorrect [a]ddress." Accordingly, although somewhat unclear, it appears that Ally's argument is two-fold: (1) that the Department failed to establish the date of delivery of the notice, a requirement to meet the Department's burden; and (2) that the notice was sent to an incorrect address. In response, the Department asserts that these arguments are waived because they were not presented in the administrative proceedings.

As an initial matter, we first dispense with the Department's argument that notice was completed in this case on March 26, 2014, the date the notice was allegedly mailed by the Department. In support of its argument, the Department cites Regulation 1340-02-02-.06(2)(e)(1). We recognize that this cited regulation indeed contains the statement that "Service by mail is complete upon mailing." This statement, however, appears in a subsection of the regulation concerning unclaimed mailings. *See* Tenn. Comp. R. & Regs. 1340-02-02-.06(2)(e)(1) (bookending the above statement with rules that concern a potential claimant's refusal to accept delivery and the resulting return of an "unclaimed" notice). Indeed, immediately prior to this statement, the Regulation specifically requires

that notice by mail be by a method that informs "its users of the *date of delivery* of certified mail." Such a requirement would be entirely superfluous were only the date of mailing necessary to a determination of when notice was received. *See **Mann v. Grist***, No. 28, 1990 WL 120723, at *4 (Tenn. Ct. App. Aug. 22, 1990) (citing ***City of Caryville v. Campbell Cnty.***, 660 S.W.2d 510, 512 (Tenn. Ct. App. 1983)) ("A well settled rule of statutory construction is that all parts of the statute shall be deemed relevant and operative and where possible we will avoid finding any language used by the legislature to be superfluous, void or insignificant."); *see also **Clear Channel Outdoors v. Tenn. Dep't of Transp.***, 337 S.W.3d 801, 806 (Tenn. Ct. App. 2010) (citing ***Houghton v. Aramark Educ. Res., Inc.***, 90 S.W.3d 676, 679 (Tenn. 2002)) ("[T]he general rules of statutory construction are used in construing rules and regulations drafted by administrative agencies pursuant to a legislative delegation of power.").

The statutes on this issue likewise appear to belie the Department's argument. As previously noted, the time for a secured party to file a claim under Tennessee Code Annotated section 40-33-205(a) does not begin to run until "*receipt* of the notice." Tenn. Code Ann. § 40-33-205(a) (emphasis added). *Black's Law Dictionary* defines "receipt" as "the act of receiving something[.]" *Black's Law Dictionary* 1382 (9th ed. 2009). Indeed, if a secured party "does not *receive* notice," then no time period begins to run to deprive the secured party of his ability to file a claim. ***Id.*** (emphasis added) ("A secured party with a duly perfected interest or any successor in interest to the secured party who does not receive notice of intent to forfeit the interest pursuant to § 40-33-204(b)(1)(C), need not file a claim to preserve any right the party may have to the property."). As such, we must apply the plain language of the statute indicating that the applicable time period commences on the date the notice of forfeiture is received. *See **Holiday Inns, Inc. v. Olsen***, 692 S.W.2d 850, 853 (Tenn. 1985) ("If the rules and regulations promulgated by the [agency] are inconsistent with the statute, then they are void."); ***Kaylor v. Bradley***, 912 S.W.2d 728, 734 (Tenn. Ct. App. 1995) ("Administrative regulations cannot be inconsistent with statutes on the same subject."). In sum, where a notice of forfeiture does not go unclaimed, it is not the date of mailing that triggers the time period in which a secured party must file a claim, but the date the notice was received by the recipient. Only in the event that a potential claimant refuses to accept delivery and the notice is returned "unclaimed" does the date of mailing commence the applicable time period.

Here, there is no allegation that Ally refused delivery or that the notice of forfeiture sent to the address listed on the title was returned "unclaimed." Accordingly, the thirty-day time period in which Ally was required to file a claim to contest the forfeiture began to run on the date that the notice was received by Ally. The trial court determined, however, that the Department could not meet its burden to show an identifiable date of receipt for purposes of section 40-33-205(a). In its brief, the

Department asserts that it met its burden to show a date of receipt of the notice, March 31, 2014, the date reflected on the return receipt.[3]

The record on appeal indeed contains a document dated April 7, 2014, indicating that an item of certified mail was delivered on March 31, 2014, in Cockeysville, Maryland 21030. The record also contains a copy of the Notice of Seizure prepared by the Department, which is addressed to Ally at P.O. Box 8116, Cockeysville, Maryland, 21030. Finally, the Department notes that the address utilized to provide notice to Ally was gleaned from public records of Ally's lien on the property at issue, as well as an internet printout again listing the above address for the lienholder of the property. According to the Department, these documents together are sufficient to show that notice reasonably calculated to apprise Ally of the forfeiture proceedings was received by Ally on March 31, 2014. Because Ally did not file a claim to contest the forfeiture within thirty days of March 31, 2014, the Department asserts that Ally's interest was properly seized by the State pursuant to Tennessee Compiled Rules & Regulations 1340-02-02-.06(2)(f).

We agree that the documents in the record show that a document was mailed to Cockeysville, Maryland, and delivered on March 31, 2014. This proof, however, is not without question. Instead, it is well-settled that "a presumption arises that a letter duly mailed is received by the one to whom it is addressed." *MacDonald v. Smith*, No. 88-304-II, 1990 WL 3345, at *1 (Tenn. Ct. App. Jan. 19, 1990) (citing *U.S. Life Title Ins. Co. v. Dep't of Commerce & Insurance*, 770 S.W.2d 537, 538 (Tenn. Ct. App. 1988); *Southern Region Industrial Realty, Inc. v. Chattanooga Warehouse and Coal Storage Co., Inc.*, 612 S.W.2d 162, 164 (Tenn. Ct. App. 1980) ("A presumption of the due receipt of a letter arises upon proof that such letter was deposited in the post office, properly stamped and correctly addressed.")). Additionally, "a presumption that a letter was mailed may arise from the testimony of an [individual] that he dictated and signed the letter and placed it in the regular course for mailing." *Southern Region Industrial Realty*, 612 S.W.2d at 164 (citing *Myers v. Moore-Kile Co.*, 279 F. 233 (5th Cir. 1922)). These presumptions, however, may be rebutted. As the Tennessee Supreme Court has explained:

> To overcome this presumption, the addressee must present credible evidence of non-receipt. *See In re Adoption of S.A.W.*, No. M2007-01690-COA-R3-PT, 2008 WL 820540, at *1 (Tenn. Ct. App. Mar. 26, 2008) *perm. app. denied* (Tenn. June 23, 2008). Once rebuttal evidence is presented, the question of receipt becomes an issue of fact for the trial court to decide. *U.S. Life* [], 770 S.W.2d [at] 542 [].

---

[3] Indeed, in its letter denying Ally's request for a hearing, the Department noted this date as the date the notice was received and therefore the date upon which the statutory period for Ally to assert a claim began to run.

***Bd. of Prof'l Responsibility v. Curry***, 266 S.W.3d 379, 389 (Tenn. 2008).

Here, Ally submits that evidence in the record rebuts the Department's assertion that the notice was properly mailed in this case. In the first instance, Ally notes that the Department failed to present evidence of the actual address to which the notice was sent, as the envelope containing the notice is not contained within the record, nor does the record contain testimony regarding the alleged mailing of the notice to Ally. Ally further asserts that affirmative evidence in the record shows that regardless of whether the notice was correctly addressed, it was not in fact delivered to Ally's address. In support, Ally points to the same return receipt relied upon by the Department, which contains the notation that the document was delivered to P.O. Box 8100, rather than the P.O. Box 8116 address listed on the notice. Based upon this notation, Ally contends that the Department was on notice as early as April 4, 2014 that its notice was ineffective, triggering a duty on the part of the Department to take additional action to obtain proper notice. *See **Toyota Motor Credit***, 2003 WL 22519810, at *6 ("If . . . the State both knows the name of the property owner and that the address to which it has sent notice is no longer valid, due process requires that it make an effort to ascertain and notify the property owner at a valid address.").

We are troubled by the Department's failure to present testimony or affidavits concerning the mailing of the notice to Ally to show that the notice was in fact mailed to the post office box listed on the notice. *See **Southern Region Industrial Realty***, 612 S.W.2d at 164. Without this evidence, we cannot simply assume that the notice was in fact mailed to the address listed on the notice of forfeiture. Were this the only evidence in the record on this issue, we would conclude, like the trial court, that the Department did not meet its burden to establish proper notice to Ally in this case. The dispute in this case, however, is complicated by Ally's October 23, 2014 letter indicating that the notice had in fact been received by Ally at its Maryland post office box. In our opinion, this letter is sufficient to show that the letter was in fact mailed to Ally's post office box in Maryland. In addition, Ally appears to admit in its pre-trial brief that the notice was sent to P.O. Box 8116, the same address listed on the notice of seizure and the certificate of title. Given these facts, we must conclude that sufficient evidence in the record was presented that the notice was mailed to P.O. Box 8116 and that a rebuttable presumption therefore arises that it was delivered to whom it was addressed, i.e., Ally, on the date noted on the return receipt. *See **Curry***, 266 S.W.3d at 389. The burden then shifts to Ally to rebut this presumption.

In an effort to rebut the Department's proof, Ally asserts that evidence in the record shows that the notice of forfeiture was not in fact delivered to Ally's Maryland post office box. We note that although Ally claimed in the trial court that it was not the owner of P.O. Box 8100 or to know the identity of Gaylord Wilson, no testimony or affidavits are contained in the record to support this assertion. The record does contain, however, the return receipt suggesting that the notice was not delivered to the correct

- 11 -

address, but instead delivered to P.O. Box 8100. Although the record contains no additional evidence that the handwritten notation on the return receipt is an accurate reflection of the actual address of the individual who received the notice or that P.O. Box 8100 is not owned by Ally, given the Department's ultimate burden to establish compliance with statutory and constitutional notice requirements, we conclude that the return receipt is sufficient to meet Ally's burden to create a factual dispute regarding whether the notice was in fact delivered to whom it was addressed. *See Curry*, 266 S.W.3d at 389.

The forgoing discussion illustrates the evidentiary deficiencies present in this case hindering the arguments of both parties. Indeed, little of what could be categorized as evidence was actually presented by either party. No hearing took place in the administrative agency. Both parties relied on statements of counsel of matters outside the record in the hearings before the trial court. Statements of counsel, however, are not evidence and may not serve as "a substitute for testimony." *Elliott v. Cobb*, 320 S.W.3d 246, 250 (Tenn. 2010) (citing *Metro. Gov't of Nashville & Davidson Cnty. v. Shacklett*, 554 S.W.2d 601, 605 (Tenn. 1977); *Hathaway v. Hathaway*, 98 S.W.3d 675, 681 (Tenn. Ct. App. 2002)). The Department asserts that this deficiency resulted from Ally's failure to raise the issue of the incorrect address before the Department. Respectfully, we do not agree. Here, Ally sent a letter to the Department on October 23, 2014, in which it asserted that it was not provided notice. Rather than holding a hearing allowing Ally to address the issue of notice, or requiring the Department to affirmatively establish its compliance with the statutory and constitutional notice requirements applicable to this action, the Department chose to reach a somewhat conclusory decision that the notice was properly sent and received by Ally more than thirty days prior to the date Ally sent notice of its claim to contest the forfeiture. Accordingly, where the Department asserts in its brief that Ally attempts to rely on matters outside the administrative record in support of its arguments, some of the blame for this circumstance must be attributed to the Department's failure to hold a hearing on the issue of notice. Indeed, although the Department attempts to rely on the limited standard of review applicable in appeals from contested case hearings, no contested case hearing actually took place in the agency in this case. *See generally* Tenn. Code Ann. § 4-5-322. As such, our directive to consider only the administrative record except to show procedural irregularities before the agency cannot be met where no evidence was presented to the agency. *Id.* § 4-5-322 ("The review [of an agency decision] shall be conducted by the court without a jury and shall be confined to the record.")

The situation presented is therefore somewhat analogous to the situation wherein a trial court refuses to set a hearing on a party's motion to set aside a judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, but instead dismisses the motion without consideration for its contents. Such a procedure, however, has been held to be inappropriate by this Court. *See Gonzalez v. Gonzalez*, No. W2012-02564-COA-R3-CV, 2013 WL 4774139, at *8–9 (Tenn. Ct. App. Sept. 5, 2013); *Harper v. Harper*, No. E-

2002-01259-COA-R3-CV, 2003 WL 192151 (Tenn. Ct. App. Jan 23, 2003); *Duncan v. Duncan*, No. 85-264-II, 1986 WL 15666 (Tenn. Ct. App. 1986), *perm. app. denied* (Tenn. Jan. 5, 1987). In these cases, this Court held that, because the allegations in the moving party's motions, if taken as true, could support relief from the judgment, the trial court's refusal to allow the movant a hearing to present proof constituted reversible error. *Gonzalez*, 2013 WL 4774139, at *9; *Harper*, 2003 WL 192151, at *4–5. Likewise in this case, Ally's allegation that it did not receive proper notice of the forfeiture proceedings, if true, would mean that its claim to contest the forfeiture was not untimely. *See* Tenn. Code Ann. § 40-33-205(a).

Given that no evidentiary hearing was conducted in this case allowing each party to present evidence on the issue of notice, we conclude that remanding to the administrative agency for a hearing is appropriate. The administrators charged with deciding contested cases for the Department are the fact-finders in this case. Indeed, it is well-settled that this Court is not permitted to substitute its judgment regarding the weight of the evidence "for that of the administrative fact-finder." *Price v. Tenn. Civ. Serv. Comm'n*, No. 01A01-9508-CH-00336, 1997 WL 203603, at *2 (Tenn. Ct. App. Apr. 25, 1997) (citing *McClellan v. Bd. of Regents*, 921 S.W.2d 684, 693 (Tenn. 1996); *Sanifill of Tenn., Inc. v. Tenn. Solid Waste Disposal Control Bd.*, 907 S.W.2d 807, 810 (Tenn. 1995)). Rather, Tennessee Code Annotated section 4-5-322(g) and (h) require that courts review only the administrative record to determine whether the agency's decision is based on the sort of relevant evidence that a reasonable person would accept to support a rational conclusion or to furnish a reasonably sound basis for the action under consideration. *Southern Ry. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984). Such a review is impossible in this case where the Department was not required to present evidence to establish its compliance with the required notice rules, nor was Ally allowed to present evidence in support of its argument that notice was not achieved. In addition, remand will allow the parties to present evidence, if necessary, as to the other deficiencies in notice alleged by Ally, specifically that the Department had a duty to more fully investigate the address of Ally's legal offices or agent for service of process both initially and after the return receipt indicated the allegedly improper delivery of the notice, as well as that the notice of seizure, if received, contained insufficient information regarding Ally's wrongdoing. Consequently, we vacate the judgment of the trial court and remand to the Department for a hearing on whether the Department can establish its compliance with statutory and constitutional notice requirements by a preponderance of the evidence. *See Sprunger*, 458 S.W.3d at 493.

## Conclusion

The judgment of the trial court is vacated, and this matter is remanded to the Tennessee Department of Safety and Homeland Security for an evidentiary hearing to resolve the factual issue of whether sufficient notice was properly sent to Ally Financial for purposes of triggering the thirty-day time period for filing a claim to contest the

- 13 -

forfeiture. Costs of this appeal are taxed one-half to Appellant Tennessee Department of Safety and Homeland Security, and its surety, and one-half to Appellee Ally Financial.

_____

J. STEVEN STAFFORD, JUDGE