FILED
05/17/2022
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 2, 2022

## ABRAHAM A. AUGUSTIN v. TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY

**Appeal from the Chancery Court for Knox County**
**No. 200826-2        Clarence E. Pridemore, Jr., Chancellor**

———————————————————

**No. E2021-00635-COA-R3-CV**

———————————————————

This case arises from the 2009 seizure of Appellant's property and the subsequent forfeiture of same. Appellant petitioned for judicial review, and the trial court dismissed the petition for lack of subject matter jurisdiction. On appeal, we conclude that because Appellant's petition was not filed within sixty days of receiving notice of the forfeiture, *see* Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv), the trial court lacked subject matter jurisdiction to review the forfeiture. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Abraham A. Augustin, Coleman, Florida, pro se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Mallory Kathryn Schiller, Assistant Attorney General, for the appellee, Tennessee Department of Safety and Homeland Security.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

On December 3, 2009 and, again, on December 9, 2009, Appellant Abraham Augustin was arrested by officers of the Bradley County Sheriff's Office. Incident to the arrests, the Sheriff's Office seized certain property, including cash and a vehicle. Forfeiture warrants were issued. Mr. Augustin did not file a claim seeking return of the

property, and on May 5, 2010 and April 15, 2011, the Appellee Tennessee Department of Safety and Homeland Security ("the Department") issued orders of forfeiture for the property.[1]

On February 9, 2016, Mr. Augustin filed an action in circuit court against the Bradley County Sheriff's Office, seeking a return of "property that [was] forfeited without Due Process." *See* ***Augustin v. Bradley Cty. Sheriff's Office***, 598 SW.3d 220, 222 (Tenn. Ct. App. 2019), *perm. app. denied* (Feb. 19, 2020) ("***Augustin I***"). The circuit court dismissed Mr. Augustin's lawsuit for lack of subject matter jurisdiction. ***Id.*** On October 2, 2019, this Court affirmed the circuit court in part and reversed it in part. ***Id.*** at 235. The ***Augustin I*** Court concluded that the circuit court lacked jurisdiction because Mr. Augustin never filed a claim with the Department, as he was required to do. ***Id.*** at 231–32. Construing Mr. Augustin's complaint as a petition for judicial review of the forfeiture orders, the ***Augustin I*** Court further concluded that the action was untimely because it had not been filed within the statutory 60-day period. ***Id.*** at 234. Thus, the ***Augustin I*** Court concluded that, "[T]he trial court correctly dismissed any claim for the return of the property seized under Tennessee Code Annotated section 40-33-201 *et seq.*[, Uniform Administrative Procedures Act ("UAPA")] where Appellant failed to file a claim for the property with the Tennessee Department of Safety and failed to file a timely petition for judicial review pursuant to the UAPA." ***Id.*** at 235; Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv) ("[p]etitions seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order thereon.").

Turning to the facts giving rise to the instant appeal, according to Mr. Augustin's "Petition for Judicial Review Pursuant to Tennessee Code Annotated Sec. 40-33-213," he filed a claim for the return of forfeited property with the Commissioner of Safety on November 4, 2019, which was approximately one month after this Court issued its opinion in ***Augustin I***. The Department received the claim on December 5, 2019 and rejected it as untimely. On December 10, 2019, Mr. Augustin filed a petition for judicial review in the Davidson County Chancery Court, and on August 5, 2020, the case was transferred to the Knox County Chancery Court ("trial court"). In his petition, Mr. Augustin alleged that his "cash and vehicle were forfeited without due process in direct violation of the Fourteenth Amendment of the U.S. Constitution." He made, *inter alia*, the following averments, which we reproduce here verbatim (with only references to appendices omitted):

> 11. From the arrest scene, on December 9, 2009, petitioner was immediately transported to the Bradley County Justice Center (hereafter "BCJC") where he would remain in the custody of Bradley County on NO

---

[1] The forfeiture of Mr. Augustin's property was pursuant to the Drug Control Act. *See* Tenn. Code Ann. § 53-11-451.

BOND on federal charges, pending trial and sentencing, until March 17, 2011. Petitioner had no charges in Bradley County.

12.     Days afterwards, the BCSO sought Forfeiture Warrants for the mentioned cash and vehicle in the Bradley County Criminal Court located in the same building as the BCSO and BCIC—where petitioner was being housed at the time. The Forfeiture Warrants were obtained, and even though he was in the same building as the criminal court that issued the warrants, the warrants were nevertheless forwarded to the Tennessee Department of Safety whence they were mailed to two different addresses in Winston-Salem, North Carolina: a) 560 Westview Dr. and b) 560 Westside Dr. (a non-existent street address).

13.     Needless to say, petitioner was never served the Forfeiture Warrants nor Forfeiture Orders that were also mailed to North Carolina for service. As a result, his cash and vehicle were illegally forfeited without due process.

14.     Petitioner never received any forfeiture warrants nor orders from the BCSO nor respondent.

15.     Recently, during a federal criminal proceeding, the United States submitted to petitioner the forfeiture warrants and orders (mailed to North Carolina) that had been concealed for years and never received by petitioner.

16.     On October 31, 2019, petitioner filed a claim with the Commissioner of Safety in Nashville to inform him/her that petitioner had never received the forfeiture documents and his property therefore had been forfeited without due process.

17.     On November 4, 2019, the Commissioner of Safety received the claim. No response was ever provided.

Mr. Augustin sought "the immediate return of the cash and monetary value of the vehicle, plus interest," "compensatory damages for [the] deprivation of his resources illegally for such a period, and punitive damages against respondent for deceit, fraud, and willful neglect."

The Department filed a motion to dismiss, pursuant to Tennessee Rule of Civil Procedure 12.02(1). By order of June 10, 2021, the trial court granted the Department's motion on its finding that it lacked subject matter jurisdiction under Tennessee Code Annotated section 4-5-322(b)(1)(A)(i) because Mr. Augustin did not file his petition within 60 days of the Department's 2011 forfeiture order. Specifically, the trial court held:

3. [Mr. Augustin's] failure to meet the time requirement has already been decided by the Court of Appeals:

> [A]ppellant has failed to meet this requirement. For one, there can be no dispute that Appellant failed to seek judicial review within sixty days of the issuance of any of the administrative forfeiture orders. Moreover, even taking Appellant's allegation that he did not receive notice of the orders until November 12, 2015, and assuming, arguendo, that this is the date upon which the sixty-day time period began to run, Appellant's petition was filed well outside the sixty-day time period.

> ***Augustin v. Bradley Cty. Sheriff's Office***,598 S.W.3d 220, 234 (Tenn. Ct. App .2019), *appeal denied* (Feb. 19, 2020).

4. The Supreme Court of Tennessee declined to review the opinion in ***Augustin v. Bradley Cty. Sheriff's Office***. Thus, it is final and binding on this Court.

5. This Court lacks subject matter jurisdiction over this claim and it must be dismissed.

Mr. Augustin moved to alter or amend the judgment, asserting that the trial court misconstrued this Court's opinion in ***Augustin I***. By order of September 15, 2021, the trial court denied the motion, finding that

> [Mr. Augustin] has merely reasserted arguments made at the first hearing, or asserted new arguments which could have been made at that time. This is improper. Furthermore, [he] failed to establish that this [c]ourt erred in treating the opinion of the Court of Appeals in ***Augustin v. Bradley Cty. Sheriff's Office***, 598 S.W.3d 220, 234 (Tenn. Ct. App. 2019), as binding precedent.

Mr. Augustin appeals.

## II. ISSUES

Mr. Augustin presents eight issues for review.[2] We perceive that there is one dispositive issue: Whether the trial court erred in dismissing Mr. Augustin's petition for lack of subject matter jurisdiction.

---

[2] We are mindful of the fact that Mr. Augustin has proceeded pro se at all stages of this litigation.

## III. STANDARD OF REVIEW

"[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Tenn. R. Civ. P. 12.08. The Tennessee Supreme Court has explained:

Tennessee Rule of Civil Procedure 12.02(1) governs a motion to dismiss for lack of subject matter jurisdiction. Subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. Subject matter jurisdiction depends on the nature of the cause of action and the relief sought and can only be conferred on a court by the constitution or a legislative act.

Where subject matter jurisdiction is challenged under Rule 12.02(1), the party asserting that subject matter jurisdiction exists . . . has the burden of proof. Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.

***Chapman v. DaVita, Inc.***, 380 S.W.3d 710, 712–13 (Tenn. 2012) (citations and quotation marks omitted).

## IV. ANALYSIS

The UAPA governs judicial review of civil forfeiture proceedings. *See **Ally Fin. v. Tenn. Dep't of Safety & Homeland Sec.***, 530 S.W.3d 659, 663 (Tenn. Ct. App. 2017). A person aggrieved by a final decision of a state agency is entitled to judicial review of the decision. *See* Tenn. Code Ann. § 4-5-322. To secure judicial review, one must file a petition for review in an appropriate chancery court within sixty days after the entry of the final order to be reviewed. Tenn. Code Ann. § 4-5-322(b)(1)(A). "A party's failure to file a petition for review on or before the statutory deadline prevents the courts from exercising their jurisdiction to review the agency's decision." ***Davis v. Tenn. Dep't of Emp't Sec.***, 23 S.W.3d 304, 307-308 (Tenn. Ct. App. 1999).

The Department argues that

[t]he chancery court correctly found that it lacked subject matter jurisdiction over the petition for judicial review because it had not been filed within 60

---

However, as we have stated previously, a party's pro se status does not relieve him or her of the obligation to comply with the substantive and procedural rules that we expect represented parties to observe. *See **Augustin I***, 598 S.W.3d at 225.

days of the administrative action being challenged. Indeed, this Court has so held [in ***Augustin I***] with respect to a petition *previously* filed by [Mr. Augustin] involving this same property.

As set out above, Mr. Augustin argues, as he did in ***Augustin I***, that he did not receive timely notice of the forfeiture warrants, and, consequently, the 60-day period to file judicial review has not run. Concerning the application of ***Augustin I***, Mr. Augustin asserts that the Department "has misconstrued the opinion in its context" and "cherry-picked one paragraph . . . to support its position." He argues that this Court's holding in ***Augustin I*** that his petition was filed beyond the 60-day period is inapplicable to the instant case because, in ***Augustin I***, "he never filed a petition for judicial review. . . [and] that judgment was directed at the circuit court—not the chancery court."[3] Mr. Augustin's arguments are not persuasive.

Mr. Augustin alleged that he received notice of the forfeiture orders during federal criminal proceedings on November 12, 2015. His petition in the instant case was filed in the Davidson County Chancery Court on December 10, 2019, more than four years later. This is clearly beyond the statutory 60-day limit. Notwithstanding Mr. Augustin's contention that the notice provided was not timely, "the fact that the notice did not comport with due process . . . merely altered the date upon which a timely claim could be filed." ***Augustin I***, 598 S.W.3d at 233 (citing ***Redd v. Tenn. Dep't of Safety***, 895 S.W.2d 332, 335 (Tenn. 1995)). Indeed, the ***Augustin I*** Court concluded that

> there can be no dispute that Appellant failed to seek judicial review within sixty days of the issuance of any of the administrative forfeiture orders. . . even taking Appellant's allegation that he did not receive notice of the orders until November 12, 2015.

***Id.*** at 234. The same is true here. In this case, Mr. Augustin pursued his claim against the Department, which was the proper avenue. In ***Augustin I***, he pursued the claim against the Sheriff's Office, and the ***Augustin I*** Court noted that, "[T]he proper avenue of relief should

---

[3] Part of Mr. Augustin's argument appears to be based on a misreading of the word "*arguendo*" in this passage:

> [E]ven taking Appellant's allegation that he did not receive notice of the orders until November 12, 2015, and assuming, *arguendo*, that this is the date upon which the sixty-day time period begun to run, Appellant's petition was filed well outside the sixty-day time period.

***Augustin I***, 598 S.W.3d at 234. We understand that *arguendo* is not a commonly used outside the realm judicial opinions. Therefore, in response to Mr. Augustin's argument, we would like to clarify that in this passage, we denoted that even when we give Mr. Augustin the benefit of the doubt and accept as established fact that he did not receive notice of the orders until November 12, 2015, his petition was still filed too late because it was filed more than sixty days after that date.

have been to . . . file a claim with the Tennessee Department of Safety." Nonetheless, Mr. Augustin was required to file his claim with the Department within 60 days of receiving notice of the forfeiture. Accordingly, we reach the same result here as we did in *Augustin I*, i.e., "[E]ven taking Appellant's allegation that he did not receive notice of the orders until November 12, 2015, and assuming, *arguendo*, that this is the date upon which the sixty-day time period begun to run, Appellant's petition was filed well outside the sixty-day time period." *Augustin I*, 598 S.W.3d at 234. In other words, "we cannot conclude that the alleged lack of notice in this case changes the administrative procedures applicable to Appellant's effort to contest the forfeiture." *Id.* at 232. Mr. Augustin's petition was simply untimely. As such, the trial court lacked jurisdiction to conduct a judicial review of the forfeiture and properly dismissed Mr. Augustin's petition for same.

Finally, although Mr. Augustin does not raise it as an issue in his brief, we will briefly address whether the trial court abused its discretion in denying Mr. Augustin's motion to alter or amend the judgment.[4] A motion to alter or amend, brought pursuant to Tennessee Rule of Civil Procedure 59.04,

> should 'be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice.'" *U.S. Bank[, N.A. v. Tennessee Farmers Mut. Ins. Co.*], 410 S.W.3d [820,] at 826 n.2 [(Tenn. Ct. App. 2012)] (quoting *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005)). Such a motion "'should not be used to raise or present new, previously untried or unasserted theories or legal arguments.'" *Id.* (quoting *In re M.L.D.*, 182 S.W.3d at 895). Additionally, a Rule 59.04 motion is not simply an opportunity "to re-litigate the issues previously adjudicated" by the trial court. *Burris v. Burris*, 512 S.W.3d 239, 247 (Tenn. Ct. App. 2016).

*In re March 9, 2012 Order*, 637 S.W.3d 708, 712 (Tenn. Ct. App. 2020), *perm. app. denied* (Apr. 8, 2021). Mr. Augustin's motion was no more than an attempt to relitigate the issues already adjudicated by the trial court. As in his appellate brief, Mr. Augustin asserted in his motion that the trial court misunderstood and misapplied this Court's opinion in *Augustin I*. Because the trial court properly applied the law and because Mr. Augustin offered no previously unavailable evidence, we conclude that the trial court did not abuse its discretion in denying his Tennessee Rule of Civil Procedure 59.04 motion.

---

[4] We review the denial of a motion to alter or amend under an abuse of discretion standard. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). An abuse of discretion occurs when the trial court "(1) appl[ies] an incorrect legal standard, (2) reach[es] an illogical or unreasonable decision, or (3) bas[es] its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

## V. Conclusion

For the foregoing reasons, the trial court's order is affirmed, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Abraham A. Augustin. Because Mr. Augustin is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE