Hazel Irene **LETTNER**, Individually and as Executrix of George Anderson Lettner, Deceased, Appellants,

v.

Joel **PLUMMER**, Commissioner of Safety, et al., Appellees.

Supreme Court of Tennessee.

Dec. 27, 1977.

Robert M. Stivers, Jr., Knoxville, for appellants.

Michael E. Terry, Asst. Atty. Gen., Nashville, for appellees; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

HARBISON, Justice.

Appellants seek review of the determination of an Administrative Hearing Officer, affirmed by the Chancellor, that the sum of nine thousand six dollars ($9,006.00) taken from them by police officials was subject to forfeiture under the 1971 Drug Control Act, T.C.A. §§ 52–1408 et seq.

After a full hearing, in which conflicting evidence was introduced on disputed issues of fact, the Administrative Judge held that the money seized had been received by appellants "in consideration for or in exchange for a controlled substance" in violation of the Act. Reviewing this decision under the standards provided in the Uniform Administrative Procedures Act, T.C.A. § 4–523(h), the Chancellor found that there was substantial and material evidence to support the conclusions of the Hearing Officer, and he affirmed the forfeiture of the funds.

The assignments of error of appellants in this Court are identical to those made before the Chancellor. Review in this Court under the Uniform Administrative Procedures Act is governed by essentially the same standards as those applicable in the chancery court. *Metropolitan Gov't of Nashville & Davidson County v. Shacklett*, 554 S.W.2d 601, 604 (Tenn.1977); *Humana of Tennessee v. Tennessee Health Facilities Comm'n*, 551 S.W.2d 664, 667–668 (Tenn. 1977).

Appellants were advanced in years, unemployed and without apparent or visible means of support, except for a large illegal drug operation which was clearly established by the preponderance of the evidence. Their home was entered by police officers acting under a valid search warrant, and large sums of cash were found on the person of Mr. Lettner and beneath the mattress in the bedroom of Mrs. Lettner. Also large quantities of controlled substances were found on the persons of appellants and in the premises. Mr. Lettner was armed. Two other persons were present when the officers first entered the premises, and two others appeared while the officers were conducting their search. Three of these persons were identified by the officers, from personal knowledge, as being users of drugs or otherwise identified with illicit drug traffic. Each of the appellants had previously been arrested at least once on drug charges. When cross-examined as to their dealings with the four persons who were upon or who entered the premises during the raid, appellants carefully and meticulously invoked their fifth amendment rights. When questioned by a police officer as to why she and her husband did not get out of the drug business, appellant Mrs. Lettner stated that they intended to do so within a short time.

Each of the appellants testified, and each claimed to have received large cash gifts from relatives during the 1975 Christmas season. The drug raid on their home was

conducted on January 25, 1976. Each of the appellants also contended that some of the cash found in their home represented proceeds of two loans received by them during the previous year, these loans having been made ten months and seven months prior to the search.

The credibility of the witnesses and the weight to be given their testimony was, of course, primarily a matter for determination by the hearing officer. Any fact may be established by direct testimony, circumstantial evidence or a combination thereof. The trier of fact may draw reasonable and legitimate inferences from established facts. In a forfeiture case such as this the burden of proof rests upon the Commissioner, who must establish by a preponderance of the evidence, or as the more probable conclusion, that cash such as that found in the present case was received in consideration for or in exchange for a controlled substance.

While the finding of cash with a large quantity of controlled substances does not alone satisfy the burden of proof, as held in previous unreported cases in this state, there are in the present case numerous additional circumstances from which inferences favorable to the contentions of the Commissioner could be drawn. Only by accepting at face value the improbable and somewhat conflicting testimony of the appellants, and by ignoring very strong circumstantial evidence to the contrary, could a fact-finder conclude that the funds seized from appellants represented the proceeds of gifts or legitimate business transactions. We find abundant material evidence to support the conclusion of the hearing officer and of the Chancellor, and overrule the assignments of error of appellants with respect to the sufficiency of the evidence.

Essentially appellants contend that funds are not subject to forfeiture under the Drug Control Act unless they can be traced to specific prior sales. We are of the opinion that the statute is not so restrictive, and we disagree with appellants in their assertion that there was no direct or circumstantial evidence that they had ever in the past engaged in the illicit sale of controlled substances.

Appellants further assign as error the admission into evidence of what they characterize as hearsay testimony involving the reputation of the four persons who were found on the premises or who entered during the course of the police search.

Most of the testimony of the investigating officers was based on their personal knowledge, and not upon hearsay or rumor, with the possible exception of the testimony of one officer as to a telephone call received by him during the course of the raid. Even if the latter testimony were excluded, however, there was abundant additional and competent testimony from the officers as to their personal knowledge of the past history of the persons who were present and as to their association with illegal drug transactions.

Further, under the Uniform Administrative Procedures Act, evidence in contested cases is not strictly limited to that which is admissible in court under traditional rules, but Administrative Officers "may also admit evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs." T.C.A. § 4–515(a).

We find no reversible error in the record and affirm the judgment of the Chancellor, at the cost of appellants.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.