# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 19, 2004 Session

## IN RE: B. B. & T. S. B.

**Appeal from the Circuit Court for Perry County**
**No. 4178     Donald P. Harris, Judge**

---

**No. M2003-01234-COA-R3-PT - Filed June 9, 2004**

---

WILLIAM B. CAIN, J., concurring.

I concur in the judgment that grounds for termination of parental rights in this case are not established by clear and convincing evidence.

I continue, however, to adhere to my view that a preponderance of the evidence standard on the one hand and a clear and convincing evidence standard on the other are completely incompatible with each other, both at the trial level and at the appellate level.

In the majority opinion the correct rule in both the trial court and on appellate review are stated wherein it is said:

> In order to be clear and convincing, evidence must eliminate any serious or substantial doubt about the correctness of the conclusions to be drawn from the evidence. *In re Valentine*, 79 S.W.3d at 546; *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Ten. 1992); *Messier*, 905 S.W.2d at 188. Such evidence should produce in the fact-finder's mind a firm belief or conviction as to the truth of the allegations sought to be established. *In re A.D.A.*, 84 S.W.3d 592, 596 (Tenn.Ct.App. 2002); *In re C.W.W.*, 37 S.W.3d 467, 474 (Tenn.Ct.App. 2000). In contrast to the preponderance of the evidence standard, clear and convincing evidence should demonstrate that the truth of the facts asserted is "highly probable" as opposed to merely "more probable" than not. *Lettner v. Plummer*, 559 S.W.2d 785, 787 (Tenn. 1977); *In re C.W.W.*, 37 S.W.3d at 474; *see also Estate of Acuff v. O'Linger*, 56 S.W.3d 527, 537 (Tenn.Ct.App. 2001).

I part company with the majority, however, in the statement later in the opinion that in appellate review:

First, we must review each of the trial court's specific findings of fact *de novo*, with a presumption of correctness unless the evidence preponderates otherwise, in accordance with Tenn. R. App. P. 13(d). Then, we must determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements necessary to terminate parental rights. *Jones*, 92 S.W.3d at 838; *In re Valentine*, 79 S.W.3d at 548-49.

I do not agree that this is a correct statement of the standard of appellate review. My views are exhaustively set forth in *Estate of Acuff v. O'Linger*, 56 S.W.3d 527 (Tenn.Ct.App. 2001) perm.app.denied (Oct. 1, 2001) and in *In re Z.J.S. and M.J.P.*, No. M2002-02235-COA-R3-JV, 2003 WL 21266854 (Tenn.Ct.App. June 3, 2003) (no ruling of an app. filed) (Cain, Judge, concurring) and in *State v. R.S. and K.S.*, No. M2002-00919-COA-R3-CV, 2003 WL 22098035 (Tenn.Ct.App. Sept.11,2003) (Cain, Judge, concurring), along with *In re: K.N.R., et al.*, No. M2003-01301-COA-R3-PT (Tenn.Ct.App. 2004); *see also Colorado v. New Mexico*, 467 U.S. 310, 104 S.Ct. 2433, 81 L.Ed.2d 247 (1984); *Taylor v. Commissioner of Mental Health*, 481 At.2d 139, 153-54 (Me. 1984); *Riley Hill General Contractor, Inc. v. Tandy Corp.*, 737 P.2d 595, 604 (Or. 1987); *Beeler v. American Trust Co.*, 147 P.2d 583 (Ca. 1944), (Traynor, Justice, dissenting).

Since I agree that the facts supporting termination of parental rights in this case are not supported by evidence sufficient to make their existence "highly probable" I concur in the judgment.

_____
WILLIAM B. CAIN, JUDGE